JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | **ED CV 16-2048-RGK (SPx)** | Date | November 1, 2016 |
|---|---|---|---|
| Title | ***XING HUA WU v. PRIME INVESTMENT INT'L, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On September 26, 2016, Defendant Hua Guo ("Defendant"), removed this action from state court to federal court on the ground of diversity jurisdiction. Specifically, Defendant states in the Notice of Removal the amount in controversy is $2,600,000. Furthermore, Defendant states that Plaintiff is a resident of China, as alleged in the First Amended Complaint, and all defendants are residents of California. (*See* Notice of Removal, 2:22-3:3.)

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001).

Federal Jurisdiction based on complete diversity requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. However, there is a major limitation. Even if there is complete diversity, removal is not allowed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. §1441(b)(2); *Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Alltec Industries, Inc.)*, 393 F.3d. 867, 870 (9th Cir. 2004). However, this limitation can be waived. If the plaintiff fails to make a timely motion for remand on this ground the defect is waived, as long as there is complete diversity.

Court records indicate that Defendant, who removed the action, is a local defendant. The record also indicates that on October 14, 2016, less than a month after removal, Plaintiff filed a Motion to

Remand based on the no local defendant limitation. Therefore, the Court finds that removal was improper pursuant to 28 U.S.C. §1441(b)(2), and  the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

        **IT IS SO ORDERED.**

                                                                 _____ : _____

Initials of Preparer